**David L. CARTER, Petitioner–**
**Appellant,**

v.

**UNITED STATES of America; Kathlene Hawk Sayler; United States Bureau of Prisons; Janet Reno, Attorney General of the United States; United**

States Department of Justice; United States Bureau of Customs; Federal Correctional Institute, Estill; Jordan Floyd; Replacement Warden, Respondents–Appellees.

No. 01–7456.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 4, 2001.

Decided Oct. 12, 2001.

David L. Carter, pro se.

Barbara Murcier Bowens, Office of the United States Attorney, Columbia, SC, for appellees.

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

PER CURIAM.

David L. Carter seeks to appeal the district court's judgment adopting the magistrate judge's report and recommendation and dismissing the case for failing to prosecute. We dismiss the appeal for lack of jurisdiction because Carter's notice of appeal was not timely filed.

■ Parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

■ The district court's order was entered on the docket on April 27, 2001. Appellant's notice of appeal was filed on July 12, 2001.* Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court

---

* Under *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the notice is considered filed as of the date Carter delivered it to prison officials for forwarding to the court. The only date that appears on the notice is the July 12 postmark.